UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
COLLEEN KING,

          Plaintiff,

v.

WILLIAM KEYSER, Superintendent;
EDWARD BURNETT, Deputy Superintendent;
JIMI DEWITT, Family Reunion Coordinator;
BRISA POWELL, Correction Officer; JEFF
McKOY, Deputy Commissioner; and ALICIA
SMITH-ROBERTS, Ministerial, Family, and
Volunteer Services Director,

          Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 11301 (VB)

Briccetti, J.:

    On January 13, 2020, the Court issued an Opinion and Order (the "January 13 Order") granting defendants' motion to dismiss pursuant to 12(b)(6). (Doc. #25). Before the Court is plaintiff's timely motion for relief pursuant to Rule 60(b)(1). (Doc. #29).[1] Plaintiff requests the Court reverse the January 13 Order and reinstate this case.

    For the reasons set forth below, the motion is DENIED.

    The parties' familiarity with the facts and procedural history of this case is presumed.

---

[1] Plaintiff filed two separate but substantively identical notices of motion. (See Docs. ##28, 29). The first notice of motion is dated February 5, 2020, and although the first page is signed "Colleen King," the scanned envelope docketed with the notice indicates plaintiff's husband, Eric Tolliver, mailed it. (Doc. #28). The notice includes a six-page "affirmation in support of motion pursuant to Rule 60(b)(1) for reconsideration," which is substantively identical to an affirmation filed by plaintiff with the second motion. (See Doc. #30). The second notice of motion is dated February 9, 2020, and bears the signature of "Colleen King" in different handwriting. (Doc. #29). A separately docketed "affirmation in support of motion pursuant to Rule 60(b)(1) for reconsideration" is also dated February 9, 2020; the scanned envelope docketed with this copy of the affirmation indicates plaintiff mailed it. (Doc. # 30). As the Court dismissed without prejudice the claims asserted on Tolliver's behalf (see Doc. #5 at 2), the Court disregards the motion and affirmation mailed by Tolliver (Doc. #28) and considers the arguments raised in the affirmation filed by plaintiff (Doc. #30) only as they pertain to plaintiff.

1

## DISCUSSION

Rule 60(b)(1) permits a court to relieve a party from a "final judgment, order, or proceeding," on the basis of "mistake, inadvertence, surprise, or excusable neglect."

A motion for relief from judgment under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010).[2] It is intended to "strike[] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Accordingly, while Rule 60(b) should be "broadly construed to do substantial justice[,] . . . final judgments should not be lightly reopened." Id.

"Rule 60(b)(1) is available for a district court to correct legal errors, such as when the judge has made a substantive mistake of law or fact, or overlooked certain parties' arguments or evidence in the record." Rai v. WB Imico Lexington Fee, LLC, 2017 WL 4350567, at *2 (S.D.N.Y. June 28, 2017), aff'd, 719 F. App'x 90 (2d Cir. 2018) (summary order).[3] "Though Rule 60(b)(1) may provide relief from judicial mistake, it should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." Serrano v. Smith, 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009). "A Court should not reconsider issues already examined simply because [plaintiff] is dissatisfied with the outcome of [her] case. To do otherwise would be a waste of judicial resources." Id.

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[3] Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Here, plaintiff seeks to vacate the January 13 Order that carefully considered the allegations of her complaint. She argues the Court mistakenly analyzed her complaint as asserting a right to participate in the Family Reunion Program ("FRP").

The Court disagrees.

First, plaintiff conflates her rights with that of her husband's. For instance, for the proposition that <u>her</u> constitutional rights were violated, she cites several cases involving the rights of prisoners who brought Section 1983 claims for retaliatory transfers between prisons. (<u>See</u> Doc. #30 ("Pl. Mem.") at ECF 2)[4] (citing <u>Meriwether v. Coughlin</u>, 879 F.2d 1037, 1046 (2d Cir. 1989), and <u>Lowrance v. Coughlin,</u> 862 F. Supp. 1090 (S.D.N.Y Sept. 8, 1994)). However, as the Court explained in an Order dated January 25, 2019, plaintiff cannot bring claims on behalf of her husband because a nonlawyer is not permitted to bring suit on behalf of another. (<u>See</u> Doc. #5 at 2) (dismissing without prejudice claims plaintiff asserted on behalf of her husband)); <u>see</u> also <u>United States ex rel. Mergent Servs. v. Flaherty</u>, 540 F.3d 89, 92 (2d Cir. 2008). The claims asserted by her husband having been dismissed, the Court did not err in construing the complaint as asserting only claims concerning plaintiff's alleged right to intimate association. See <u>Adler v. Pataki</u>, 185 F.3d 35, 44 (2d Cir. 1999) ("[A] spouse's claim that adverse action was taken solely against that spouse in retaliation for conduct of the other spouse should be analyzed as a claimed violation of a First Amendment right of intimate association."); <u>Miller v. Annucci</u>, 2019 WL 4688539, at *13 (S.D.N.Y. Sept. 26, 2019) (analyzing as a freedom of intimate association claim a mother's allegation that she was unable to contact her son who was detained at Green Haven Correctional Facility).

---

[4] "Doc. #__ at ECF __" refers to document numbers and page numbers automatically assigned by the Court's Electronic Case Filing system.

Second, plaintiff confusingly argues she "is fully aware that she does not have a protected right to the (FRP) . . . . [P]laintiff at no time claim[s] that she was denied to [sic] said program/visit." (Doc. #30 at ECF 2). But in the following sentence, and in several other portions of her submission, plaintiff states the opposite: that "she was and is being denied the opportunity to partake in the (FRP) out of discrimination, retaliation and revenge because of her and her h[]usband exercising their rights to file grievances and law suits against the DOCCS officials." (Id.) (emphasis added).[5]

Setting aside the contradiction in plaintiff's own statements, the Court understands plaintiff to argue that there is a difference between (i) having a right to partake in the FRP program, which plaintiff contends is the Court's mistaken understanding, and (ii) being denied an opportunity to partake in the FRP program due to retaliatory motivation, which is what plaintiff argues occurred. Under either articulation, however, the right plaintiff claims was violated is her right to intimate association. See Adler v. Pataki, 185 F.3d at 44.

Furthermore, by construing plaintiff's complaint as asserting her right to intimate association, the Court took into consideration the alleged reason for why plaintiff was denied participation in the FRP. In Adler v. Pataki, like here, an allegedly "adverse action [] taken solely against [one] spouse in retaliation for conduct of the other spouse [was] analyzed as a claimed violation of a First Amendment right of intimate association." 185 F.3d at 44.

---

[5] Plaintiff did not allege in her complaint that any state officials retaliated against her because of her own complaints to state officials that her and her husband's FRP applications were denied. To the extent plaintiff now claims defendants' alleged actions were taken in retaliation against her in response to her complaints to state officials, the Court does not consider such assertions. "[M]erely present[ing] new facts and legal arguments . . . is insufficient to provide a basis for relief under Rule 60(b)(1)." Nguyen v. Bush, 2016 WL 1069655, at *5 (E.D.N.Y. Mar. 16, 2016).

Accordingly, to the extent plaintiff argues the Court disregarded the alleged reason she was not allowed to participate in FRP—that she was denied FRP in retaliation for suits her husband filed against DOCCS—plaintiff is incorrect.

Finally, plaintiff conflates the "the general right to intimate association" with the question of whether a "particularized" right has been violated within the context of qualified immunity. See Ranta v. City of New York, 2015 WL 5821658, at *6 (E.D.N.Y. Sept. 30, 2015).  As explained in the January 13 Order, "qualified immunity does not turn on general propositions," such as that plaintiff's general right to intimate association was violated. Id.  For a qualified immunity analysis, "the essential question is whether, [at the time of the alleged events], the [r]ight was established 'in a particularized sense so that the contours of the right would have been clear to a reasonable official.'" Id. (quoting Reichle v. Howards, 566 U.S. 658, 665 (2012)).  In this Circuit, a particularized "right to spousal visitation in prison" has not been clearly established. Malave v. Weir, 750 F. App'x 65, 67 (2d Cir. 2019) (summary order). Plaintiff does not otherwise identify any other particularized right defendants allegedly violated. Thus, the Court did not err in granting qualified immunity. See id. at 66–67.

Accordingly, the Court concludes it did not commit any legal error in granting defendants' motion to dismiss.

**CONCLUSION**

The motion for relief pursuant to Rule 60(b)(1) is DENIED.

The Clerk is instructed to terminate the motions.  (Docs. ##28, 29).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  June 8, 2020
       White Plains, NY

                                  SO ORDERED:

                                  _____
                                  Vincent L. Briccetti
                                  United States District Judge